IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: DAVID S. MOYER            BANKRUPTCY CASE NO. 04-53693 NPO
                                                                ADVERSARY PROC. NO. 09-05055 NPO

---

COURTNEY A. SCHLOEMER                                APPELLANT

v.                                                              Civil No. 1:10cv566HSO-JMR

DAVID S. MOYER                                                     APPELLEE

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART APPELLEE'S MOTION TO DOCKET AND DISMISS APPEAL OR ALTERNATIVELY FOR INSTRUCTIONS AND/OR TO ESTABLISH BRIEFING SCHEDULE AND FOR STAY OF REQUIREMENT TO FILE APPELLEE BRIEF**

BEFORE THE COURT is the Motion to Docket and Dismiss Appeal or Alternatively for Instructions and/or to Establish Briefing Schedule and for Stay of Requirement to File Appellee Brief [3] of Appellee David S. Moyer. Appellant Courtney A. Schloemer has filed a Response. After consideration of the submissions of the parties, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Appellee's Motion should be granted in part and denied in part.

I. BACKGROUND

The above captioned cause has its origins in the United States Bankruptcy Court for the Southern District of Misssissippi. On November 15, 2010, Schloemer timely filed a Notice of Appeal in this Court from a November 5, 2010, Order

entered by the United States Bankruptcy Judge.  On December 14, 2010, the Bankruptcy Court Clerk advised this Court via letter that neither a designation of the appeal record nor a statement of issues had been filed by the Appellant as required by FED. R. BANKR. P. 8006.  The Clerk also transmitted the Clerk's Certificate, which designated the record on appeal as the November 5, 2010, Order and Final Judgment of the Bankruptcy Court, as well as the Notice of Appeal and Notice Regarding Appeal.  The appeal was filed in this Court on December 15, 2010.  Appellant timely filed her brief on December 29, 2010.  Appellant's Br. [2].  Appellant also filed her Designation of the Record and Statement of the Issues on December 29, 2010.

Appellee moves the Court to Dismiss the present appeal on grounds that Appellant, who is proceeding *pro se* but appears to be an attorney licensed to practice law in the State of Mississippi, failed to timely file her Designation of the Record and Statement of the Issues in accordance with FED. R. BANKR. P. 8006.  Appellee contends that dismissal is also appropriate since the record on appeal does not contain the trial transcript or other pleadings referenced by Appellant in her Appeal Brief.  Appellant objects to the dismissal of her appeal and submits that, while the Designation of the Record and Statement of the Issues was untimely, the error was not dilatory and Appellee has not alleged any resulting prejudice.

## II. DISCUSSION

FED. R. BANKR. P. 8006 requires appellants to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and

a statement of the issues to be presented" within fourteen (14) days after filing the notice of appeal.  *Id*.  It further requires appellants to "provide to the clerk a copy of the items designated" and arrange for any transcripts to be delivered to the clerk.  *Id*.  The appellant "shoulder[s] the 'initial responsibility' for including 'all the items relevant and necessary to [their] position' in the appellate record. . . ."  *In re Dugas*, 165 F.3d 23, at *1 (5th Cir. 1998) (quoting FED. R. BANKR. P. 8006).  The *pro se* status of an appellant does not relieve her of any duty to comply with such procedural rules.  *Id*. (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

The Fifth Circuit has cautioned, however, that "[d]ismissal is a harsh and drastic sanction that is not appropriate in all cases, . . . ."  *In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000).  Under the bankruptcy rules, "only the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal.  In contrast, the district court does not invariably dismiss for breaches of other procedural rules, including Rule 8006."  *Id*. at 698-99.  (citing *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987)).  A court must instead exercise discretion and consider what sanctions are appropriate.  *Id*. at 699.

The Fifth Circuit has recognized dismissal of bankruptcy appeals where the appellee has shown prejudice from the delay and when the appellant has exhibited "obstinately dilatory conduct."  *Id*. (citing *In re Braniff Airways,* 774 F.2d 1303, 1304 (5th Cir. 1998) and *Pyramid Mobile Homes v. Speake*, 531 F.2d 743, 746 (5th

Cir. 1976)).  The Fifth Circuit has also stated that:

> [a]lthough we do not here establish a definitive list of factors, we think that, in determining whether dismissal is an appropriate sanction, a district court should keep in mind that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal . . . .the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate.

*Id*. at 699-700.

In light of the foregoing legal authorities, the Court finds that the remedy sought by Appellee is not a justified sanction based upon the facts and the record. The Court cannot conclude that Appellant's untimely designation amounted to bad faith.  Nor does it find this failure rose to the level of "obstinately dilatory conduct." Finally, the Court is not persuaded that Appellee has shown prejudice from any delay.

The Court, however, admonishes Appellant that the "burden of creating an adequate record rests with appellant, who may not urge an issue on appeal if [s]he has failed to provide the appellate court with the requisite record excerpts."  *Id*. at 698.  Appellant is therefore directed to file into the record those record excerpts she deems necessary to her appeal.  Any such excerpts must be filed within seven (7) calendar days of the date of this Order.  Appellee must then file his Appellee Brief within fourteen (14) calendar days of Appellant's filing of excerpts.  Thereafter, the briefing schedule will continue in accordance with FED. R. BANKR. P. 8009(a).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Docket and Dismiss Appeal or Alternatively for Instructions and/or to Establish Briefing Schedule and for Stay of Requirement to File Appellee Brief [3] of Appellee David S. Moyer, should be and hereby is **GRANTED IN PART AND DENIED IN PART**. The Motion is denied to the extent it seeks dismissal of Appellant's appeal, and granted to the extent it seeks a briefing schedule on the Appeal Brief.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Appellant is file into the record those record excerpts she deems necessary to her appeal within seven (7) calendar days of the date of this Order, or on or before Monday, April 18, 2011.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Appellee must file his Appellee's Brief within fourteen (14) calendar days of Appellant's filing of excerpts. Thereafter, the briefing schedule will continue in accordance with FED. R. BANKR. P. 8009(a).

**SO ORDERED AND ADJUDGED**, this the 11th day of April, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE