IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**COURTNEY A. SCHLOEMER**                                                            **APPELLANT**

v.                                                                    Civil No. 1:10cv566HSO-JMR

**DAVID S. MOYER**                                                                    **APPELLEE**
-CONSOLIDATED WITH-

**DAVID S. MOYER**                                                                    **APPELLANT**

v.                                                                    Civil No. 1:11cv176HSO-JMR

**COURTNEY A. SCHLOEMER**                                                            **APPELLEE**

**MEMORANDUM OPINION AND ORDER AFFIRMING IN PART AND
VACATING IN PART THE NOVEMBER 5, 2010, ORDER [1-4] AND
JUDGMENT [1-5] OF THE UNITED STATES BANKRUPTCY COURT
AND DISMISSING BANKRUPTCY APPEAL IN CIVIL NO. 1:10cv566**

THIS MATTER COMES BEFORE THE COURT as an appeal in Civil No. 1:10cv566, taken by Courtney A. Schloemer, the creditor below.  Schloemer appeals the November 5, 2010, Order [1-4] and Judgment [1-5] of the United States Bankruptcy Court for the Southern District of Mississippi.  The appeal is fully briefed in accordance with FED. R. BANKR. P. 8009(a).  After consideration of the submissions of the parties, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the November 5, 2010, Order [1-4] and Judgment [1-5] of the United States Bankruptcy Court should be affirmed in part and vacated in part, and that this appeal docketed as *Courtney A. Schloemer v. David S. Moyer*, Civ. No. 1:10cv566, should be dismissed.

-1-

The Court will address the consolidated appeal in *David S. Moyer v. Courtney A. Schloemer*, Civ. No. 1:11cv176, in a separate Order.

## I. BACKGROUND[1]

On December 22, 2003, the Chancery Court of Madison County, Mississippi, entered a Final Judgment of Divorce–Irreconcilable Differences, dissolving the marriage between Courtney A. Schloemer, Appellant, and David S. Moyer, Appellee. The Judgment incorporated by reference a Property Settlement Agreement ("Agreement"), which both parties executed. On August 12, 2004, Moyer filed a Petition under Chapter 7 of the Bankruptcy Code, and was granted a discharge on March 7, 2007, pursuant to 11 U.S.C. § 727. In 2009, the bankruptcy case was reopened upon motion of Moyer. Moyer sought a declaratory judgment as to whether his obligations under the 2003 Agreement had been discharged. At issue was "whether certain marital debts undertaken by Moyer as part of an agreement incident to his divorce [were] in the nature of alimony, maintenance, or support. If so, they [were] non-dischargeable under 11 U.S.C. § 523(a)(5)." *In re Moyer*, No. 04-53693, 2010 WL 4608760, at *1 (Bankr. S.D. Miss. Nov. 5, 2010). The Bankruptcy Court conducted a trial on September 15, 2010, and entered its Order [1-4] and Judgment [1-5] on November 5, 2010.

In its November 5, 2010, Order, the Bankruptcy Court held that it was

---

[1]The Court recites here only those portions of the history of the case which are relevant for purposes of this appeal. For a more detailed procedural history of the case, see *In re Moyer*, No. 04-53693, 2010 WL 4608760 (Bankr. S.D. Miss. Nov. 5, 2010).

unnecessary to determine whether any disputed marital debts were excepted from discharge pursuant to § 523(a)(5), since Schloemer had not shown the existence of any debt owed her. *In re Moyer*, No. 2010 WL 4608760, at *12. The Bankruptcy Court concluded that these disputed marital debts were therefore discharged in bankruptcy. *Id*. The Bankruptcy Court also denied Schloemer's Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c) and FED. R. BANKR. P. 7012, on grounds that her allegations concerned matters which were either not properly before the Court, or were irrelevant because they occurred in a separate adversary proceeding and were not the law of the case. *Id*.[2] Schloemer now appeals, and presents twelve issues for review:

1. Moyer's action for declaratory relief sought an improper review of a prior judicial order, in violation of the doctrine of the law of the case;

2. Moyer's action for declaratory relief was inevitably intertwined with an action for clarification and/or interpretation of a state court order of divorce and/or alimony, support and maintenance, making resolution in state court appropriate under the *Rooker-Feldman* doctrine;

3. Moyer's Complaint was premature, not ripe and lacking an actual controversy;

4. The Bankruptcy Court erred in staying the state court action pending the resolution of Moyer's instant complaint;

---

[2]The Bankruptcy Court's Order also denied Schloemer's Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56 and FED. R. BANKR. P. 7056, on grounds that it was not filed in compliance with Uniform Local Rule 7056-1 of the United States Bankruptcy Court for the Northern and Southern Districts of Mississippi. It further denied Moyer's Motion to Strike as moot based upon the denial of Schloemer's Motions, and denied his Motion for Sanctions on grounds that he failed to comply with FED. R. BANKR. P. 9011(c)(1)(A). These rulings are not at issue in this appeal.

5. The Bankruptcy Court erred in finding that Moyer's obligations to Schloemer were discharged in bankruptcy;

6. Moyer was improperly allowed to discharge guaranteed obligations to Schloemer;

7. The Bankruptcy Court erred as a matter of law in ruling that Moyer's instant Complaint is a core proceeding;

8. The Bankruptcy Court erred in ruling that Schloemer bears the burden of proving exception from discharge by a preponderance of the evidence in an action for declaratory relief filed by Moyer;

9. The Bankruptcy Court erred in ruling that Schloemer had to prove the existence of Moyer's obligations to her in order to exempt them from discharge;

10. The Bankruptcy Court erred in finding that Moyer's testimony was sufficient to establish the nonexistence of his obligations to Schloemer;

11. The Bankruptcy Court erred in using arguments from Schloemer's state court pleadings as evidence against her in the instant federal proceedings;

12. The Bankruptcy Court abused its discretion in questioning Schloemer in open court according to a colleague's analysis for distinguishing between 11 U.S.C. §§ 523(a)(5) and (a)(15) debts and then ruling that Schloemer presented no evidence of a support obligation.

Appellant Br. [2] at pp. 10-16.  Because Schloemer's points of error on appeal overlap, the Court will address them together instead of separately.

## II. STANDARD OF REVIEW

This Court's jurisdiction is predicated on its authority to hear such appeals as provided by 28 U.S.C. § 158.[3]  "When reviewing a bankruptcy court's decision in a

---

[3] 28 U.S.C. § 158(a) provides that:

[t]he district courts of the United States shall have jurisdiction to hear appeals

'core proceeding,' a district court functions as an appellate court and applies the standard of review generally applied in federal court [sic] appeals." *Webb v. Reserve Life Ins. Co.*, 954 F.2d 1102, 1103-04 (5th Cir. 1992).  A "core proceeding is one that 'invokes a substantive right provided by Title 11 [the Bankruptcy Code] or [ ] is a proceeding that by its nature could arise only in the context of a bankruptcy case.'" *Id.* at n.1 (quoting *In the Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)).  Despite Schloemer's objections to the contrary, this Court concludes that the matters presented in this appeal constitute core proceedings as defined by 11 U.S.C. §§ 157(b)(2)(I) and (J) (identifying as core proceedings determinations of dischargeability of particular debts and objections to discharges). The Banrkruptcy Court's Order will be affirmed on this point, and this matter is properly before the Court.[4]  Since this is a core proceeding, the Court reviews the Bankruptcy Court's

---

>(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

[4]The Court is also not persuaded by Schloemer's argument that this matter is not properly before the Court based upon the law of the case doctrine.  The law of the case doctrine is applicable only "during the pendency of . . . a *single proceeding*, and operates to foreclose re-examination of decided issues either on remand or on a subsequent appeal." *Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1214 (5th Cir. 1991) (emphasis in original).  This Court affirms the Bankruptcy Court's determination that the remand of the parties' earlier case to the state court in a separate adversary proceeding is not binding on the Court in this case. *In re Moyer*, 2010 WL 4608760, at * 11.

findings of fact for clear error, and its conclusions of law *de novo*. *In re Scopac*, 624 F.3d 274, 279-80 (5th Cir. 2010).

## III. DISCUSSION

A.   Burden of Proof

Prior to its amendment under the Bankruptcy Abuse Prevention Consumer Act of 2005 ("BAPCPA"), 11 U.S.C. § 523(a)(5) excepted from discharge debts owed by a debtor to a former spouse which arose under a divorce decree and were in the nature of alimony, maintenance, or support.[5] *In re Dudding*, No. 10-10557, 2011

---

Nor does the Court find that the *Rooker-Feldman* doctrine bars this case from the Court's review. The *Rooker-Feldman* doctrine essentially bars a losing party in state court from seeking what amounts to appellate review of a final state court judgment in a federal district court. *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011). Schloemer argues only that Moyer's declaratory judgment action is intertwined with a pending state court proceeding, not that he is seeking review of a final state court judgment. While the Bankruptcy Court's Order [1-4] does not explicitly address Schloemer's *Rooker-Feldman* argument, this Court affirms its implicit denial of this argument. Finally, though Schloemer argues that the Bankruptcy Court erred by staying the state court proceedings, the Bankruptcy Court's November 5, 2010, Order [1-4] is silent on this point. Based on this Court's resolution of the appeal in Civ. No. 1:11cv176, the Court finds this point of error moot at this time.

[5]Pre-BAPCPA, § 523(a)(5) excepted from discharge a debt owed:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that–
>
> * * *
>
> (B)   such debt includes a liability designated as alimony, maintenance or support unless such liability is actually in the nature of almimony, maintenance, or support.

11 U.S.C. § 523(a)(5) (2005). The BAPCPA added the term "domestic support obligation" to § 523(a)(5), replacing the language in pre-BAPCPA §523(a)(5). *In re Nelson*, 451 B.R. 918,

WL 1167206, at * 5 (Bankr. D. Vt. March 29, 2011).  While either a creditor or debtor may file a complaint to determine the dischargeability of a debt pursuant to FED. R. BANKR. P. 4007(a), it is the creditor who bears the burden of proving that a debt exists and that it is the type excepted from discharge under § 523.  *In re Cirincione*, No. 04-21840, 2005 WL 1115249, at *4-6 (Bankr. W.D. Mo. April 12, 2005) ("§ 523 requires as a threshold matter that there be a 'debt'"); *In re Casini*, 307 B.R. 800, 809 (Bankr. D. N.J. 2004) (a creditor bears the burden of proving an exception from discharge under § 523); *In re Zimmer*, 27 B.R. 132, 134 (Bankr. S.D. Ohio 1983) (a creditor has the affirmative burden under § 523(a)(5) of proving the existence of a debt and that the debt in question is in the nature of alimony, maintenance, or support).  It matters not for purposes of allocating the burden of proof whether the creditor is the plaintiff or defendant in an action.  *In re Casini*, 307 B.R. at 809; *see In re Mueller*, 243 B.R. 346, 347 (Bankr. W.D. Wis. 1999) ("Even when cast as a defendant, the creditor seeking to have a debt excepted from discharge bears the burden of proof, . . . .").  This Court agrees with the Bankruptcy Court that as the creditor below, Schloemer bore the burden of proving by a preponderance of the evidence the existence of a debt owed.

At trial, the parties stipulated that Moyer had already satisfied many of his

---

922 (Bankr. D. Or. 2011).  The definition of "domestic support obligation" in 11 U.S.C. § 101(14A) retains the concepts contained in former § 523(a)(5), that a debt be "in the nature of alimony, maintenance, or support," "without regard to whether such debt is expressly so designated [.]."  *Id.*  Neither party here contests the Bankruptcy Court's reliance upon pre-BAPCPA § 523(a)(5).

obligations under the Agreement.  *In re Moyer,* 2010 WL 4608760, at * 9.  At issue were five disputed marital debts.  *Id.*  Schloemer questioned Moyer during the evidence phase of trial about each disputed marital debt.  *Id.* at pp. 9-10.  Schloemer did not testify, but submitted forty-eight (48) documents into evidence.  *Id.* at 10.  The Bankruptcy Court found that those documents showed neither the existence, nor the amounts owed, of any of the disputed marital debts.  *Id.*  With regard to Moyer's testimony, the Bankruptcy Court found that:

> Moyer's testimony . . . credibly established that for a variety of reasons, he was unaware of any obligation that remained to be paid Schloemer regarding the Medical Expense, the Volvo Debt, or the Credit Card Debt.  Moreover, his testimony did not establish the existence of a Student Loan for which Schloemer remained responsible.  On the present record, for example, it is entirely possible that the Student Loan had been deferred or forgiven because of Schloemer's health condition.  Finally, Moyer admitted that he stopped paying the Life Insurance Debt, but the obligation to pay existed only so long as Moyer had a financial obligation to Schloemer, which Schloemer failed to prove.

*Id.*  In short, the Bankruptcy Court found that Schloemer had not proven the existence of any of the disputed marital debts.  *Id.* at 11.

B.  Analysis

"A bankruptcy court's findings of fact may be reversed only if the reviewing court has 'the definite and firm conviction that a mistake has been made.'"  *In re Scopac*, 624 F.3d at 279-80 (quoting *In re Morrison,* 555 F.3d 473, 480 (5th Cir. 2009)).  While Schloemer argues that the Bankruptcy Court erred in finding that she did not establish the existence of a debt, she does not point this Court to any specific record evidence tending to show the existence of any debt owed to her.

Based upon the submissions of the parties, as well as the evidence presented at trial, the Court cannot say that it is left with the "definite and firm conviction that a mistake has been made."[6]  *In re Scopac*, 624 F.3d at 279-80.

Schloemer's contention that the Bankruptcy Court should have considered information it solicited by questioning her, *sua sponte,* at the close of evidence, has been waived due to inadequate briefing on appeal.  *See In re Repine*, 536 F.3d 512, 518 n.5 (5th Cir. 2008) (concluding that appellant waived an evidentiary argument on appeal where her brief neither explained what evidence the bankruptcy court refused to consider, nor cited authority in support of her position).  Schloemer does not identify what particular evidence she contends the Bankruptcy Court failed to consider, or how it would have established the existence of a debt.  *See id.*  Nor does Schloemer cite any legal authority in support of this position.  *See id.*  Based upon the foregoing, the Court cannot conclude that the Bankruptcy Court clearly erred in finding that Schloemer failed to carry her burden of showing the existence of any outstanding debts.

While the Bankruptcy Court determined that Schloemer had not established by the preponderance of the evidence that any of the disputed marital debts existed or were still owed, it also concluded that these disputed marital debts were nonetheless discharged in Moyer's bankruptcy case.  *In re Moyer*, 2010 WL 4608760,

---

[6]While the Bankruptcy Court made reference to a statement made by Schloemer in an earlier state court proceeding, this Court cannot say that, based on the record, the Bankruptcy Court relied on the statement in making its determination.

at * 12.  The jurisdiction of federal courts is limited by the "case or controversy" requirement of the United States Constitution.  U.S. CONST. art III, § 2; *In re Landrie*, 303 B.R. 140, 142 (N.D. Ohio 2003) (citing *Richardson v. Ramirez*, 418 U.S. 24, 36 (1974)).  "[I]n a dischargeability proceeding such as this, the 'case or controversy' requirement will be met as long as there exists a 'debt' to discharge." *In re Landrie*, 303 B.R. at 142.  Because the Bankruptcy Court found that there were no debts owing, no case or controversy remained, and the question of their dischargeability was not ripe for determination.  *See In re Cooke*, 335 B.R. 269, 279 (Bankr. D. Conn. 2005).  To the extent the Bankruptcy Court's Order [1-4] and Judgment [1-5] could be read to conclude that the disputed debts at issue at trial were discharged in Moyer's bankruptcy, the Order [1-4] and Final Judgment [1-5] of the Bankruptcy Court must be vacated on this particular point.

### IV. <u>CONCLUSION</u>

Based upon the foregoing, the Court finds that the November 5, 2010, Order [1-4] and Judgment [1-5] of the Bankruptcy Court should be affirmed in part, and vacated in part.  The Order [1-4] and Judgment [1-5] are vacated to the extent that they concluded the non-existent debts were discharged.  They are affirmed in all other respects.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, as stated herein, the November 5, 2010, Order [1-4] and Judgment [1-5] of the Bankruptcy Court are **AFFIRMED IN PART AND VACATED IN PART**.  The Order [1-4] and Judgment [1-5] are vacated to the extent they discharge the non-existent, disputed

marital debts, and affirmed in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, all pending Motions are **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this appeal, docketed as Civil No. 1:10cv566, is hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 20th day of September, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE